598

RAYMOND DAYAN, Plaintiff-Respondent-Appellant, *v.* McDONALD'S CORPORATION *et al.*, Defendants.—(W. YALE MATHESON, Petitioner-Appellee.)

First District (2nd Division No. 76-340

Opinion filed December 30, 1976.

Joseph and Friedman, of Chicago, for appellant.

W. Yale Matheson and Mark B. Swillinger, both of Chicago, for appellee.

Mr. PRESIDING JUSTICE STAMOS delivered the opinion of the court:

Appellant, Raymond Dayan (hereinafter referred to as "respondent"), appeals from an interlocutory order entered by the circuit court which denied in part and granted in part respondent's motion to quash for lack of jurisdiction a petition filed by appellee, W. Yale Matheson (hereinafter referred to as "petitioner"). The petition was filed on June 6, 1975, and was entitled "Petition of Attorney for Plaintiff for Adjudication of his Right to Attorney's Fees and Enforcement of Attorney's Lien, Pursuant to Statute." Respondent entered a special appearance and filed a motion to quash the petition for lack of jurisdiction of the circuit court to entertain the matters alleged therein.

By the petition, petitioner sought relief on two separate claims, both pertaining to legal services allegedly provided by petitioner for respondent. One claim at bar related to legal representation provided by petitioner pursuant to a written fee agreement he entered into with respondent on May 27, 1970. This agreement defined the terms by which

petitioner would represent respondent in various franchise disputes with defendants, McDonald's Corporation. It was alleged in the petition that petitioner was not fully remunerated for these services in accordance with the fee agreement, and petitioner sought recovery of the remainder of the fee which was allegedly earned. Respondent's motion to quash for lack of jurisdiction as to this portion of the petition was denied, and it is the correctness of this ruling which is the subject of this appeal.

The other claim for which relief was sought by petitioner pertained to " * * * services rendered completely apart from your petitioner's services [respondent] pursuant to the May 27, 1970 fee agreement, * * *." Recovery of $53,233 as the reasonable value of these services was requested. The trial court granted respondent's motion to quash on jurisdictional grounds this portion of the petition, and this ruling is not now questioned by the parties before us.

Two issues are presented for review: (1) whether the interlocutory order appealed from is an appealable order pursuant to Supreme Court Rule 307 (Ill. Rev. Stat. 1975, ch. 110A, par. 307), and (2) if we determine that we have jurisdiction to consider the merits of this appeal, whether the trial court erred by denying part of respondent's motion to quash the petition? Petitioner filed a motion to dismiss this appeal on jurisdictional grounds for want of an appealable order, and we took this motion under advisement with this appeal.

The written fee agreement relied upon by petitioner provided in pertinent part as follows:

> "In the event that the services of McDermott, Will & Emery are terminated at any time prior to the completion of this litigation, either by settlement, compromise, or by adjudication and appeal, then in that event, [petitioner's] fees shall be twenty-five (25%) percent of the gross recovery, as defined above, less all time charges by McDermott, Will & Emery.
> * * *
> The percentages defined above for fees shall be applied, likewise, to cash and, separately, to each separate interest or other form of property which you receive pursuant to settlement or adjudication."

In accordance with this contract, petitioner represented respondent in its claims against defendants. In this endeavor, some legal services were provided by the firm of McDermott, Will & Emery, serving with petitioner as co-counsel for respondent. On May 6, 1971, a consent decree was entered whereby the controversy between respondent and defendants was settled by the execution of a "Master License Agreement." The consent decree also provided that " * * * the Court

retains jurisdiction of this cause for the sole purpose of enforcing compliance with said Master License Agreement and for determining any disputes which may arise in connection therewith." Thereafter on May 22, 1972, and June 5, 1973, a supplemental decree and a second supplemental decree were entered in respondent's action against defendants. Both decrees contained a retention of jurisdiction clause similar to that contained in the initial consent decree.

On June 6, 1975, petitioner filed the petition for attorney's fees and enforcement of statutory lien. The following allegations were asserted in the petition: that the petition was filed pursuant to statute (Ill. Rev. Stat. 1975, ch. 13, par. 14); that petitioner performed all of his obligations under the written fee agreement; that petitioner negotiated, on respondent's behalf and with minimal assistance from cocounsel, all settlement agreements reached in respondent's action against defendants until all litigious matters in that controversy were terminated; that respondent assigned his rights in the settlement agreements entered into with defendants to various companies, and, as payment for legal services rendered by petitioner, respondent assigned to petitioner 17½% of the equity in two of those companies; and that apart from representation by petitioner pursuant to the written fee agreement, petitioner performed other legal services for respondent with a reasonable value of $53,233 and for which he had not been paid. By his prayer for relief, petitioner sought an additional 7½% of the equity of the two companies, so that payments of his legal fees would conform with the amount specified in the written fee agreement, and payment of $53,233 as the reasonable fees for other legal services rendered, less any credit due respondent for fees paid to petitioner's cocounsel.

In response to this petition, respondent filed a special appearance and a motion to quash the petition. Respondent alleged therein that the court lacked jurisdiction both in personam and in rem, except for the limited purpose to compel enforcement of the decrees previously entered; that the court also lacked jurisdiction because respondent and petitioner had entered into a "Limited Partnership Agreement" whereby they agreed to arbitrate any disputed matters such as are involved in the instant controversy; and that the court lacked jurisdiction to consider petitioner's claim for $53,233 in fees since such fees were allegedly earned by rendering services unrelated to the litigation between respondent and defendants.

Petitioner filed an answer to respondent's special appearance and motion to quash alleging as follows: that the retention of jurisdiction by the circuit court was sufficiently broad to encompass the instant case; that even though the parties had entered into several agreements, the petition

was predicated solely upon the written fee agreement and not the limited partnership agreement; and that although the subject matter of the petition pertains in part to the subject matter of the limited partnership agreement, the petition also pertains to matters which are not germane to the limited partnership agreement.

Respondent then filed a reply to petitioner's answer alleging that the statute relied upon by petitioner was inapplicable to the instant situation. The reply also contained a prayer for relief whereby respondent sought a favorable ruling on his motion to quash the petition, or, in the alternative, respondent requested that if the court determined it had jurisdiction, that it enter an order pursuant to section 102(c) of chapter 10 of the Illinois Revised Statutes compelling petitioner to submit to arbitration all disputes raised by his petition.

On February 11, 1976, the trial court entered the interlocutory order, a portion of which is the subject of this appeal.

Respondent now contends that the interlocutory order entered on February 11, 1976, is an appealable order pursuant to Supreme Court Rule 307. Rule 307 provides in pertinent part that "(a) An appeal may be taken to the Appellate Court from an interlocutory order of court (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction; * * *." Respondent relies upon case authority for the proposition that an application for a stay of judicial proceedings and for an order compelling arbitration is considered in the same context as an application for an injunction. Respondent contends that the prayer for relief contained in his reply constituted an application to stay proceedings and to compel arbitration (see Ill. Rev. Stat. 1975, ch. 10, par. 102) and that the trial court's denial of part of respondent's motion to quash the petition had the effect of denying respondent's application for a stay of the proceedings pending arbitration. Thus, respondent characterizes the interlocutory order of the trial court as a ruling with respect to injunctive relief.

It should first be noted that the ruling of the trial court was confined to the jurisdictional contentions raised before it by the petition and the responsive pleadings thereto; the court made no reference in its order to the prayer for relief contained in respondent's reply whereby respondent sought a stay of the proceedings and an order compelling arbitration. Moreover, respondent failed to make proper application to the trial court seeking an order to compel arbitration as required by the Uniform Arbitration Act (Ill. Rev. Stat. 1975, ch. 10, par. 115). Consequently, the trial court correctly disregarded that portion of respondent's reply, and respondent's reliance upon Supreme Court Rule 307 for elevating the interlocutory order of the trial court to the status of an appealable order is

misplaced. Accordingly, petitioner's motion to dismiss this appeal must be granted since this court lacks jurisdiction to consider the merits of the controversy.

Motion to dismiss the appeal allowed.

DOWNING and JIGANTI, JJ., concur.